UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

vs.

JAMES BURDETT

Case No. 6:22-cr-159-CEM-RMN

REPORT AND RECOMMENDATION

This matter is before the Court on a Petition for a Writ of Habeas Corpus Ad Prosequendum (Dkt. 41), filed by James Burdett on October 30, 2024. The Petition has been referred to me for consideration. *See* 28 U.S.C. § 636(b)(1)(B). I directed the United States to respond to the Petition, which it did on December 5, 2024. Dkts. 43 (order), 48 (response). I also provided Burdett with an opportunity to file a reply in support of the Petition, but he did not submit one. Dkt. 49 (endorsed order).

After carefully considering the Petition, the government's response and the attached exhibits thereto, and public records maintained by Hillsborough County, I respectfully recommend the Court dismiss the petition.

I. BACKGROUND

Budrett, a convicted sex offender, pleaded guilty to failing to register as required by law, in violation of 18 U.S.C. § 2250(a). Dkt. 26 (hearing minutes). He was sentenced to a 21-month term of

imprisonment on February 15, 2023. Dkts. 38 (hearing minutes), 38 (judgment). He was committed to federal custody on August 17, 2023. Dkt. 48-1 at 7 (Federal Bureau of Prisons("BOP") records).

Near the end of his term of imprisonment, Burdett was transferred by BOP to a reentry facility in Tampa, Florida. Dkts. 41 at 2, 48-1 ¶¶ 5–6 (confirming Burdett was housed at a "Regional Reentry Center"). On June 11, 2024, Burdett was arrested and removed from that facility by the Tampa Police Department. Dkts. 41 at 3 (recounting arrest by local sheriff's department but referring to the arresting officer as "Off. Lacy"), 48-1 ¶¶ 4–6 (recording arrest by Tampa Police Department); *see also* HCSO Records, https://webapps.hcso.tampa.fl.us/ArrestInquiry (last visited January 10, 2025) (confirming date of arrest, detaining agency, and current custody).[1] He was arrested on seven state law violations. *See* HCSO Records ("Charges" section).

Burdett is currently in a state jail, although he appears to have been granted bond on his state charges. *See* HCSO Records (reporting status as "in jail" and a bond amount). He remains incarcerated, it seems, because the Bureau of Prisons has lodged a detainer against

---

[1] I take judicial notice of the arrest and inmate records maintained by Hillsborough County because those records are generally known in this jurisdiction and their accuracy cannot be reasonably questioned. *See* Fed. R. Evid. 201. In this report, the records are cited as "HCSO Records."

him.[2] Dkt. 48-1 ¶ 8; *see also* HCSO Records (recording a "hold" placed by the "U.S. Marshal Service").

## II. ANALYSIS

Burdett asks the Court to issue a writ of habeas corpus ad prosequendeum, which is provided by 28 U.S.C. § 2241, to quash the detainer lodged against him. Dkt. 41 at 6. The United States raises two arguments in its response. It argues first that Burdett is not "in custody," as required by 28 U.S.C. § 2241. Dkt. 48 at 3. The United States also contends that the petition should be denied because Burdett has not exhausted his administrative remedies. *Id.* at 3–4.

Both arguments raise threshold issues. "The question of whether a person is 'in custody' within the meaning" of section 2241 is one of subject-matter jurisdiction. *Howard v. Warden*, 776 F.3d 772, 775 (11th Cir. 2015). Prisoners seeking habeas relief under section 2241 are subject to administrative exhaustion requirements. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004). Although exhaustion is not a jurisdictional requirement in a case filed under section 2241, "that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." *Santiago-Lugo v. Warden*, 785 F.3d 467, 474-75 (11th Cir. 2015) (citing *Skinner*, 355 F.3d at 1295). "The exhaustion requirement is still a requirement; it's just not a jurisdictional one." *Id.* at 475. For these reasons, the Court need not consider both arguments if Burdett has not satisfied his burden on one.

---

[2] A detainer is a notification filed with an institution in which a person is incarcerated advising the institution that the person is wanted by another jurisdiction. *United States v. Mauro*, 436 U.S. 340, 358 (1978).

As stated in the declaration attached to the government's brief, *see* Dkt. 48-1 ¶¶ 10–19, BOP regulations provide a multi-level administrative remedy process that must be used by inmates incarcerated in BOP facilities as well as "former inmates for issues that arose during their confinement." 28 C.F.R. § 542.10(b). The regulations require inmates to submit a formal written Administrative Remedy Request within "20 calendar days following the date on which the basis for the Request occurred" or within the time frame of any allowed extension. 28 C.F.R. §§ 542.14(a)-(b). If the inmate seeks to appeal a denial of a request, the appeal is submitted directly to the appropriate regional office. *Id.* § 542.15(a). "An inmate who is not satisfied with the Regional Director's response may submit an Appeal … to the General Counsel within 30 calendar days of the date the Regional Director signed the response." *Id.* These time limits may be extended upon a showing of a valid reason for the delay. *Id.* "Appeal to the General Counsel is the final administrative appeal." *Id.*

The United States proffers evidence that Burdett has not filed the required administrative request. Dkt. 48-1 ¶ 20; *see also* Dkt. 48-1 at pages 5–10 (attachments 1 and 2). Burdett does not offer any evidence or argument challenging the government's evidence. *See* Dkt. 49 (endorsed order providing Burdett with opportunity to reply to the government's brief). I therefore find he never timely filed an Administrative Remedy Request and has failed to exhaust his administrative remedies.

For this reason, the Court cannot grant Burdett habeas relief, and the Petition must be dismissed. *See Watkins v. Haynes*, 445 F. App'x 181, 184 (11th Cir. 2011).

## III. RECOMMENDATION

Accordingly, I respectfully **RECOMMEND** the Court **DISMISS** the Petition for a Writ of Habeas Corpus Ad Prosequendum (Dkt. 41).

### Notice To Parties

A party has fourteen days from the day of service of this report either to file written objections to the proposed findings and recommendation. 28 U.S.C. § 636(b)(1)(C). Under Eleventh Circuit Rule 3-1, a party failing to object to a magistrate judge's findings or recommendations "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also* 28 U.S.C. § 636(b)(1).

**ENTERED** in Orlando, Florida, on February 25, 2025.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

James Burdett, #2024019716
Falkenburg Road Jail
520 North Falkenburg Road
Tampa, Florida 33619

Counsel of Record